IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>   v.<br><br>DANDREA CARTER,<br><br>       Defendant.<br>_____ | 2:11-CR-00184-EFB<br><br>ORDER GRANTING<br>UNITED STATES'S MOTIONS IN LIMINE<br>TO EXCLUDE HEARSAY STATEMENTS AND<br>PRECLUDE THE TESTIMONY OF DR.<br>BENNET OMALU |

**ORDER**

On February 27, 2012, the court heard argument from both parties on the government's Motion in Limine to Exclude Hearsay Statements and the government's Motion in Limine to Preclude the Testimony of Dr. Bennet Omalu. (Dkt. #42, 45, 46). For the reasons stated on the record the Court rules as follows:

**I.  Motion in Limine to Exclude Hearsay Statements**

The Court GRANTS the government's Motion in Limine to Exclude Hearsay Statements. At trial the defense shall not seek to elicit the four statements identified in the government's motion while cross-examining government witnesses, because those statements are inadmissible hearsay when proffered

by the defendant.  See <u>United States v. Ortega</u>, 203 F.3d 675, 682-83 (9th Cir. 2000).  If the defendant testifies at trial, the defense is hereby granted leave to raise this issue with the Court again if it believes new grounds have arisen to permit introduction of the statements in question through a hearsay exception.

**II.  Motion in Limine to Preclude the Testimony of Dr. Bennet Omalu**

The Court GRANTS the government's Motion in Limine to Preclude the Testimony of Dr. Bennet Omalu.  Dr. Omalu shall not be permitted to testify regarding Postal Carrier Rafael Estrada, including whether photographs of Carrier Estrada's chest reflect any evidence of trauma or serious injury.  Dr. Omalu's proposed testimony in this area does not assist in determining a fact in issue in this case and is therefore inadmissible.  See Fed. R. Evid. 702; <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579, 591-92 (1993).

Dr. Omalu shall also not be permitted to testify regarding the defendant Dandrea Carter, including whether photographs of her arm, or her arm itself, reflects evidence of injury or trauma.  The defense is hereby granted leave to raise the issue of the proposed testimony regarding the defendant's arm with the Court if the defense believes new grounds have arisen during trial that should permit the defense to introduce testimony from Dr. Omalu on this issue.

IT IS SO ORDERED.

Dated: February 28, 2012

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE